## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MILAGROS CARABALLO,** | : | **CIVIL ACTION NO. 1:14-CV-647** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 27th day of October, 2015, upon consideration of the report (Doc. 20) of Magistrate Judge Gerald B. Cohn, recommending the court vacate the decision of the administrative law judge ("ALJ") and remand this matter for further proceedings with respect to the application for supplemental security income and disability insurance benefits of plaintiff Milagros Caraballo ("Caraballo"), wherein Judge Cohn concludes that the ALJ's decision is not supported by substantial evidence, see 42 U.S.C. § 405(g) (requiring the ALJ's findings to be "supported by substantial evidence"), finding specifically that the ALJ failed to consider pertinent third-party evidence offered by certain state agency employees and the fiancée of Caraballo's son, and it appearing that neither Caraballo nor the Commissioner of Social Security ("Commissioner") objects to the report, and that the Commissioner expressly waived the opportunity to do so, (see Doc. 21), and it further appearing

that there is no clear error on the face of the record,[1] see <u>Nara v. Frank</u>, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1.   The report (Doc. 20) of Magistrate Judge Cohn is ADOPTED.

2.   The Clerk of Court shall enter judgment in favor of Milagros Caraballo, and against the Commissioner as set forth in the following paragraph.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report."  <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; <u>see also</u> <u>Henderson</u>, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); <u>Tice v. Wilson</u>, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard; <u>Cruz v. Chater</u>, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); <u>Oldrati v. Apfel</u>, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").

3.      The Commissioner's decision denying the application for supplemental
        security income and disability insurance benefits of Milagros Caraballo
        is VACATED.  This matter is REMANDED to the Commissioner with
        instructions to conduct a new administrative hearing, develop the
        record fully, and evaluate the evidence appropriately in accordance
        with this order and the report (Doc. 20) of Magistrate Judge Cohn.

4.      The Clerk of Court is directed to CLOSE this case.


                                    /S/ CHRISTOPHER C. CONNER
                                    Christopher C. Conner, Chief Judge
                                    United States District Court
                                    Middle District of Pennsylvania